MR. JUSTICE WEBER,
dissenting:
The majority opinion concludes that the plaintiffs were entitled to a $33,158.17 award of excess interest charged by the Bank. The majority points out the oral testimony to that effect and also refers to the exhibits. I conclude that the majority has misconstrued the figures contained in the exhibits and as a result has erroneously allowed the award of $33,158.17.
Exhibit 13 is the written exhibit prepared by Mr. Kelley, accountant for the Weinbergs, and presented as a part of the plaintiffs’ case. The exhibit demonstrated Mr. Kelley’s figures as he recomputed interest and principal on the entire history of the loan. In that exhibit Mr. Kelley computed interest at 9.5% which the plaintiffs contend is the correct interest rate, rather than the varying interest rates which the Bank used in the course of its computations of the balances owing by the Weinbergs. The computations are shown clearly by Mr. Kelley, demonstrating the application of payments to both interest and principal. This recomputation of interest and principal concludes with a showing that on May 27, 1983, there was a negative balance of $7,916.67. In other words, the exhibit clearly demonstrates that for the first time on May 2, 1983, the payments made by the Weinbergs exceeded the balance owing of both principal and interest. On May 2, 1983, Mr. Kelley computed the excess in payments made by the Weinbergs at $4,287.29. By May 9, 1983, that amount had increased to $7,440.09. Last, on May 27, 1983, the Weinbergs paid $476.58 resulting in a total overpayment of $7,916.67. The computations demonstrate that the Weinbergs were only trying to prove they had overpaid the Bank $7,916.67. In connection with that overpayment, Mr. Kelley noted that he had not computed interest on the negative balance due to the Weinbergs.
At the bottom of plaintiffs’ Exhibit 13 he pointed out that the total interest charged by the Bank on the liability ledger was $126,249.86. The exhibit then sets forth the following calculation by accountant Kelley:
*38 Total interest charged on the liability ledger $126,249.86
Total interest all pages (which is the total of the interest calculated by Mr. Kelley at 9.5%) 93,091.69
Excess interest charged on the liability ledger $ 33,158.17
The foregoing analysis is consistent with plaintiffs’ Exhibit 13 which again demonstrated the total of the excess interest charged by the lender. Unfortunately, when the damages were argued to the jury, the attorney for the plaintiffs argued that excess interest of $33,158.17 was collected and therefore should be paid back to the Weinbergs. That was incorrect mathematically, based upon the evidence submitted by the plaintiffs. The only excess interest collected by the Bank as proved by the plaintiffs was $7,916.67.1 would therefore modify the judgment as follows:
Amount of interest awarded by the jury to the $ 33,158.17 Weinbergs
Less amount of interest actually payable to Weinbergs 7,916.67
Amount by which the judgment should be reduced $ 25,241.50
MR. JUSTICE GULBRANDSON joins in the foregoing dissent.